Filed 10/10/25  P. v. Vazquez CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D085218 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE423820) |
| DAVID VAZQUEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Daniel B. Goldstein, Judge.  Affirmed.

Joshua Peter Visco, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

MEMORANDUM OPINION

David Vazquez appeals from a judgment of conviction and sentence. His appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*). Vazquez has not filed supplemental brief, although he was invited to do so.

Based on our independent review of the record, we find no reasonably arguable appellate issues and affirm the judgment.

One night at about 8 p.m. in March 2024, Vazquez crashed his car into a truck parked in the driveway of a home in a residential neighborhood. Witnesses, who identified him as the driver, noted Vazquez exhibited signs of being drunk. Responding police officers found Vazquez's speech was slow and slurred, his eyes red, bloodshot, and watery, and his body emitting an odor of an alcoholic beverage. He was unable to stand up without holding onto his car. Vazquez's blood was drawn at about midnight, and his blood alcohol concentration (BAC) was 0.247 percent. A criminalist estimated his blood-alcohol level at the time of driving would be between 0.26 and 0.33 percent if alcohol consumed had been fully absorbed, and between 0.24 and 0.31 percent if his blood-alcohol level had still been rising at the time of driving.

A jury convicted Vazquez of driving under the influence (DUI) (Veh. Code,[1] § 23152, subd. (a); count 1) and driving while having a measurable blood alcohol (§ 23152, subd. (b); count 2), and found true the allegation he had a BAC of 0.15 percent or higher (§ 23578). Before the jury was empaneled, he pled guilty to a misdemeanor charge of driving with a suspended license for a prior DUI (§ 14601.2, subd. (a); count 3).

At a subsequent bifurcated bench trial on aggravating factors, Vazquez admitted he had been convicted of one other felony DUI in August 2022 (§ 23152, subd. (b)). The People had alleged the conviction offenses arose from Vazquez's ninth DUI and, among other aggravators, this demonstrated he had engaged in violent conduct indicating a "serious danger to society" (Cal. Rules of Court, rule 4.421(b)(1)) and his prior convictions are numerous

---

[1]	All undesignated statutory references are to the Vehicle Code.

2

and of increasing seriousness (*id.*, rule 4.421(b)(2)). Additionally, the People alleged Vazquez had served a prior state or local prison term (*id.*, rule 4.421(b)(3)), committed the conviction offenses while on probation or parole (*id.*, rule 4.421(b)(4)), and his prior performance on probation or parole was unsatisfactory (*id.*, rule 4.421(b)(5)). The court admitted 12 exhibits representing certified California Law Enforcement Telecommunications System (CLETS) records of Vazquez's prior convictions.

Defense counsel asserted Vazquez suffered trauma from his father's death at a young age, and his drinking was related to this trauma, which were factors in mitigation. Counsel also argued the People had not proven his convictions are increasing in seriousness or that his prior performance on parole or probation was unsatisfactory. However, counsel did not dispute Vazquez had served a prior prison term.

The trial court sentenced Vazquez to the upper term of three years on count 1. Noting that it could impose the upper term based on the single aggravating factor of Vazquez's admitted prior prison term, the court also found it true that his nine prior DUI convictions demonstrated his prior convictions are numerous and of increasing seriousness. (See Cal. Rules of Court, rule 4.421(b)(2).) Believing these gave it "plenty of reason to aggravate" the sentence, the court did not make any other findings on the remaining alleged factors. The court rejected that childhood trauma explained the decision to drive while under the influence, although it could understandably lead one to drink.

As noted, Vazquez's appellate counsel has filed a brief pursuant to *Wende, supra,* 25 Cal.3d 436 and *Anders*, *supra*, 386 U.S. 738, setting forth a statement of the case and statement of facts, urging no grounds for reversal of the judgment, and asking this court to independently review the record for

3

error.  Counsel identifies the following issue to assist the court in its review: "Did the trial court abuse its discretion in sentencing appellant to the upper term of three years in state prison?"  (Boldface and capitalization omitted.) We have reviewed the entire record as required by *Wende* and *Anders*, and we have not discovered any arguable issues for reversal or modification of the judgment on appeal.

Appellate counsel states he separately requested the trial court make a correction to the abstract of judgment.  As to count 2, in its oral pronouncement of the sentence, the court stated it was imposing an upper term of three years and stayed the term pursuant to Penal Code section 654. The abstract of judgment, however, reflects that Vazquez was sentenced to "0" years on count 2 and incorrectly identifies the charge in count 2 as a duplicate count "1."  When the oral pronouncement of judgment and the abstract of judgment conflict, the oral pronouncement controls.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185–186.)  On our own motion, we direct the trial court to correct the abstract of judgment to reflect the oral pronouncement of sentence on count 2.  (*Id*. at pp. 186–187.)

Competent counsel has represented Vazquez on this appeal.

## DISPOSITION

The judgment is affirmed. The trial court is to correct the abstract of judgment to reflect that (1) the sections "23152[, subdivision] (b)/23578" charge is count "2" in the first column of paragraph 1; and (2) Vazquez was sentenced to a term of three years, stayed pursuant to Penal Code section 654 as to count 2.

DO, J.

WE CONCUR:


DATO, Acting P. J.


RUBIN, J.